**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRETT ALLEN WAGNER, | ) | 1:14-cv-00462 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | FOR FAILURE TO STATE A CLAIM |
| v. | ) | UPON WHICH RELIEF COULD BE |
| | ) | GRANTED |
| | ) | |
| R. DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.   **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on April 14, 2014 (ECF No. 14).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Valley State Prison in Chowchilla (VSP), brings this civil rights action against defendant correctional officials employed by the CDCR at VSP.  Plaintiff names the following individual defendants:  Warden R. Davis; Correctional Counselor A. Aquino; Appeals Correctional Counselor J. Jennings; Coordinator K. Dixon.  Plaintiff's claim stems from the denial of Plaintiff's opportunity to visit his wife.   Plaintiff's central claim is that prison authorities are responsible for his divorce, and his subsequent financial injury.  Plaintiff alleges that on unspecified occasions, his wife was prohibited from visiting him based on violations of the dress code for visitors.   Plaintiff makes no other claims.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Here, Plaintiff's only claim is that defendants are responsible for his divorce.  The only conduct charged to defendants that could be construed as a deprivation of any privilege is a denial of visitation.  However, Plaintiff does not have any protected interest in visiting privileges.  The Due Process Clause does not guarantee a right of unfettered visitation. See Ky.

Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) amended by 135 F.3d 1318 (9th Cir. 1998).

Prisoners also have no right to contact visitation. See Dunn v. Castro, 621 F.3d 1196, 1202-03 (9th Cir. 2010); Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994)(per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir. 1986); see also Overton v. Bazzetta, 539 U.S. 126, 133-36 (2003); Whitmire v. Arizona, 298 F.3d 1134, 1135-36 (9th Cir. 2002). Prisoners do have a right of contact visitation with their attorneys, however, that is encompassed by their right of access to the courts. See Barnett, 4 F.3d at 1523-24.

To the extent that Plaintiff seeks to hold Defendants liable for depriving him of any compensation from a marital dissolution, Plaintiff has not stated a claim. As noted, Plaintiff must allege facts indicating that Defendants deprived Plaintiff of a right secured by the Constitution or federal law. Even if Plaintiff were to link Defendants to specific conduct that deprived Plaintiff of any property, Plaintiff has a remedy in California law. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

### III.    Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's sole claim is that Defendants are responsible for his marital dissolution. Plaintiff has not alleged any conduct that constitutes a deprivation of a protected interest. Because the Court finds that this deficiency is not capable of being cured by amendment, the Court orders dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **June 30, 2014**              **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE